UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERTA JOBES-HALL,

                        Plaintiff,

v.

                        Case # 17-CV-6301-FPG

                        DECISION AND ORDER

NANCY A. BERRYHILL,
DEPUTY COMMISSIONER OF OPERATIONS,
performing the duties and functions not reserved
to the Commissioner of Social Security,

                        Defendant.

## INTRODUCTION

Roberta Jobes-Hall brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security that denied her application for Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 10. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On February 10, 2010, Jobes-Hall applied for SSI with the Social Security Administration ("the SSA"). Tr.[1] 111-14. She alleged disability since September 1, 2005 due to carpel tunnel syndrome, osteopenia, hip arthritis, hepatitis C, elbow and shoulder injuries, back and knee pain,

---

[1] References to "Tr." are to the administrative record in this matter.

and bipolar and major depressive disorders. Tr. 133. On November 29, 2011, Jobes-Hall and a vocational expert ("VE") appeared and testified before Administrative Law Judge ("ALJ") John P. Costello. Tr. 25-52. On January 27, 2012, the ALJ issued a decision finding that Jobes-Hall was not disabled within the meaning of the Act. Tr. 13-20. On February 11, 2013, the Appeals Council denied Jobes-Hall's request for review. Tr. 1-4. Jobes-Hall appealed to this Court and her case was remanded by stipulation to the Commissioner for further administrative proceedings. *See Hall v. Colvin*, 13-CV-6179-FPG, ECF Nos. 10, 11.

On May 11, 2015, Jobes-Hall and a VE appeared and testified at a second hearing before ALJ Michael W. Devlin. Tr. 574-614. On July 28, 2015, the ALJ issued a decision finding that Jobes-Hall was not disabled within the meaning of the Act. Tr. 558-67. This became the Commissioner's final decision because the Appeals Council did not assume jurisdiction of the case. *See* 20 C.F.R. § 416.1484(a) (in cases remanded from district court for further proceedings, the ALJ's decision becomes the Commissioner's final decision unless the Appeals Council assumes jurisdiction). Thereafter, Jobes-Hall commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

**LEGAL STANDARD**

I.  **District Court Review**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might

2

accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

## II.     Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

**I.     The ALJ's Decision**

The ALJ's decision analyzed Jobes-Hall's claim for benefits under the process described above. At step one, the ALJ found that Jobes-Hall had not engaged in substantial gainful activity since the application date. Tr. 560. At step two, the ALJ found that Jobes-Hall has the following severe impairments: lumbar annual tear; right wrist injury status post-surgery; right elbow nerve injury; hepatitis C; and bipolar and major depressive disorders. Tr. 560. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any Listings impairment. Tr. 560-62.

Next, the ALJ determined that Jobes-Hall retains the RFC to perform sedentary work[2] with additional limitations. Tr. 562-65. Specifically, the ALJ found that Jobes-Hall can occasionally lift and carry ten pounds and frequently lift and carry less than ten pounds; can stand and walk for

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 416.967(a).

4

about two hours and can sit for about six hours in an eight hour workday; can occasionally push and pull ten pounds, climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; cannot climb ladders, ropes, or scaffolds; and can occasionally handle and finger with the dominant right upper extremity. Tr. 562. As to her mental capacity, the ALJ found that Jobes-Hall can understand, remember, and carry out simple instructions and tasks; frequently interact with coworkers and supervisors and occasionally interact with the public; and consistently maintain concentration and focus for up to two hours at a time. *Id.*

At step four, the ALJ relied on the VE's testimony and found that this RFC prevents Jobes-Hall from performing her past relevant work. Tr. 565. At step five, the ALJ relied on the VE's testimony and found that Jobes-Hall can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 565-66. Specifically, the VE testified that Jobes-Hall could work as an addresser and call out operator. Tr. 566. Accordingly, the ALJ concluded that Jobes-Hall was not "disabled" under the Act. Tr. 566-67.

## II. Analysis

Jobes-Hall argues that remand is required because the ALJ created a gap in the record that he was obligated to develop when he rejected the medical opinions as to her mental capacity.[3] ECF No. 8-1 at 27-30; ECF No. 11 at 1-2. The Court agrees.

The ALJ has an affirmative duty to develop the administrative record due to the "essentially non-adversarial nature of a benefits proceeding." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996). Specifically, the ALJ must develop a claimant's "complete medical history" for at least the 12

---

[3] Jobes-Hall advances another argument that she believes requires reversal of the Commissioner's decision. ECF No. 8-1 at 23-27; ECF No. 11 at 2-4. However, because the Court disposes of this matter based on the ALJ's failure to develop the record, that argument need not be reached.

months preceding the month in which the claimant filed her application unless it is necessary to develop an earlier period. 20 C.F.R. § 416.912(b). The ALJ must "make every reasonable effort" to help the claimant get medical reports from her medical sources. *Id.* Remand is warranted if the ALJ fails to fulfill his duty to develop the record. *Pratts*, 94 F.3d at 39. On the other hand, where there are no "obvious gaps" in the record and a "complete medical history" exists, the ALJ is not obligated to seek additional evidence. *Rosa*, 168 F.3d at 79 n.5.

Additionally, an ALJ cannot "assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (citation omitted). Even though the Commissioner is empowered to make the RFC determination, "where the medical findings in the record merely diagnose the claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities," the general rule is that the Commissioner "may not make the connection" herself. *Id.* (citation and alterations omitted); *Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010) ("Because an RFC determination is a medical determination, an ALJ who makes an RFC determination in the absence of supporting expert medical opinion has improperly substituted his own opinion for that of a physician, and has committed legal error.") (citations omitted).

Here, Jobes-Hall's treating physician Dr. George Stefanos and her social worker Brandon Saxton each opined as to her ability to perform mental work-related functions.[4] Tr. 307-08, 870-75. The ALJ summarized each of these opinions and afforded them "limited" and "little" weight,

---

[4] State review psychologist T. Harding reviewed Jobes-Hall's medical record and completed a "Psychiatric Review Technique" form, but she merely indicated that there was "insufficient evidence" to determine whether Jobes-Hall had a medically determinable impairment and she did not opine as to Jobes-Hall's functional limitations. Tr. 280-90. The ALJ gave this assessment "little weight." Tr. 564.

6

respectively. Tr. 563-64. Regardless of whether the ALJ properly discounted these opinions, his rejection of the only medical opinions as to Jobes-Hall's mental capabilities left a significant gap in the record. *See Covey v. Colvin*, 204 F. Supp. 3d 497, 507 (W.D.N.Y. 2016) (noting that the ALJ's rejection of the treating physician's opinion created a "significant and obvious gap in the evidentiary record" because "the record contained no competent medical opinion regarding Plaintiff's RFC during the relevant time period") (emphasis in original).

Even though the ALJ found that Jobes-Hall had bipolar and major depressive disorders, which constituted severe impairments, the ALJ's decision contains few references to her mental capacity to work. Tr. 560, 563-65. Aside from summarizing the opinions mentioned above, the ALJ made only the following comments on Jobes-Hall's mental condition:

- in September 2008, she "complained of excessive worry and depression but had an unremarkable mental status examination other than depressed mood and affect;"

- in July 2010, she "had depression side effects with suicidal ideation;"

- in June 2012, she "complain[ed] of depression but she was found to have appropriate appearance and affect, depressed mood, logical thought processes, no suicidal ideation, and intact sensorium;" and

- in August 2014, she had "a normal mental status examination with the only positive finding being depressed mood."

Tr. 563 (citing Tr. 205, 390, 795, 820). The treatment notes that the ALJ cites to—a mere four pages from the 916-page medical record—contain only raw medical evidence and do not address how Jobes-Hall's impairments affect her mental ability to perform work-related functions on a regular and continuing basis. *See* S.S.R. 96-8p, 1996 WL 374184, at *5-6 (S.S.A. July 2, 1996) ("Work-related mental activities generally required by competitive, remunerative work include the abilities to: understand, carry out, and remember instructions; use judgment in making work-

related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting."); 20 C.F.R. § 416.945(c) (stating that the SSA will evaluate the claimant's ability to work on a "regular and continuing basis" when assessing her mental capacity). Moreover, the ALJ's RFC analysis does not tie any of this medical evidence to the mental functional demands of sedentary work. Tr. 563-65.

Even though the ALJ rejected the only opinions as to Jobes-Hall's mental capacity and otherwise acknowledged treatment notes that contained only raw medical evidence from a particular examination, the ALJ somehow determined that Jobes-Hall can understand, remember, and carry out simple instructions and tasks; frequently interact with coworkers and supervisors and occasionally interact with the public; and consistently maintain concentration and focus for up to two hours at a time. Tr. 562. It is unclear to the Court how the ALJ, who is not a medical professional, was able to make this highly specific determination without relying on a medical opinion. *See Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[J]udges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor.").

Without a function-by-function assessment relating the medical evidence to the mental requirements of sedentary work or reliance on a medical source's opinion as to Jobes-Hall's functional capacity, the ALJ's decision leaves the Court with many unanswered questions and does not afford an adequate basis for meaningful judicial review. *See Cichocki v. Astrue*, 729 F.3d 172, 177-78 (2d Cir. 2013) (noting that the ALJ is not required to perform an explicit function-by-function RFC analysis but that "[r]emand may be appropriate . . . where other inadequacies in the ALJ's analysis frustrate meaningful review") (citation omitted). Accordingly, remand is required. The ALJ has many available avenues to fill this gap in the record: he can reconsider Dr. Stefanos

and Mr. Saxton's opinions or request additional information from them, obtain a consultative psychiatric examination, or seek a medical expert's opinion. *See Covey*, 204 F. Supp. 3d at 507 (citation omitted). On remand, the ALJ should employ whichever of these methods are appropriate to fully develop the record as to Jobes-Hall's mental RFC.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 8) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). Because Plaintiff filed her application over eight years ago and this is the second time the Court has remanded her case to the SSA, the Commissioner is directed to expedite its review of this matter. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: April 11, 2018
      Rochester, New York

*[signature]*
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court